Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2523 | **DATE** | 3/28/2003 |
| **CASE TITLE** | OCEAN ATLANTIC WOODLAND CORPORATION vs. DRH CAMBRIDGE HOMES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This Court grants in part and denies in part Plaintiff's motion to strike Defendants' affirmative defenses [26-1]. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | 83 |
| | Notified counsel by telephone. | MAR 3 1 2003 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| CG | courtroom deputy's initials | | |

U.S. DISTRICT COURT
CLERK
03 MAR 31 AM 8: 19
FILED-ED TO

| Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

OCEAN ATLANTIC WOODLAND )
CORPORATION, a Virginia Corporation, )
                               )
    Plaintiff, )
                               )
      v. )           Judge Ronald A. Guzmán
                               )
DRH CAMBRIDGE HOMES, INC. )
a California Company, COWHEY, )
GUDMUNDSON, LEDER, LTD., )    02 C 2523     **DOCKETED**
an Illinois Corporation, and PUGSLEY & )
LAHAIE, LTD., an Illinois Corporation, )                 MAR 3 1 2003
                               )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ocean Atlantic Woodland Corp. ("Ocean Atlantic Woodland") brought this action

against defendants DRH Cambridge Homes, Inc. ("Cambridge"), Cowhey, Gudmundson, Leder, Ltd.

("Cowhey"), and Pugsley & LaHaie, Ltd. ("Pugsley") for copyright infringement arising under the

Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, for unfair competition and deceptive trade practices

under the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510/1 *et seq.*, and

the Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1 *et seq.*, for

false designation of origin under 15 U.S.C. § 1125(a), and for conversion and unjust enrichment.

Defendants Cambridge and Pugsley have raised Affirmative Defenses I-XIII, defendant Cowhey has

raised Affirmative Defenses I-XII, and before the Court is Ocean Atlantic Woodland's motion to

strike the affirmative defenses raised by defendants pursuant to Federal Rule of Civil Procedure

("Rule") 12(f). For the reasons provided in this Memorandum Opinion and Order, the motion is

granted in part and denied in part.



# BACKGROUND FACTS[1]

## Ocean Atlantic Woodland's Development History of the Byzantio/Arnhold Property

On August 6, 1997, Ocean Atlantic Woodland, a Virginia real estate developer, entered into a contract of purchase and sale for two adjoining farms (the "Byzantio/Arnhold Property" or the "Property") respectively owned by Byzantio, L.L.C. ("Byzantio") and Elda Arnhold ("Arnhold") located in unincorporated Will County, Illinois. (Def. DRH Cambridge Homes' Verified Answer ¶ 8A ("Def. Cambridge's Answer").) The Byzantio/Arnhold Property was to be developed into a residential subdivision incorporated into the neighboring Village of Plainfield (the "Village"). (*Id.*)

To assist in its development efforts, Ocean Atlantic Woodland retained the engineering firm of Roake & Associates ("Roake") (who had previously been preparing a plan for the Byzantio/Arnhold Property for another developer) and the Lannert Group ("Lannert") to create a preliminary plat, preliminary engineering and landscape plans, and some additional plans to be used in the rezoning and annexation of the Byzantio/Arnhold Property (collectively, the "Roake/Lannert plans"). (Def. Cambridge's Answer ¶¶ 11-13.) In November 1997, Ocean Atlantic Woodland began submitting development proposals (which included preliminary versions of the Roake/Lannert plans) to the Village for its review and suggested revisions. (Def. Cambridge's Answer ¶ 14.) On August 17, 1998, the Village executed an agreement to annex the Byzantio/Arnhold Property to the Village for the purpose of developing that property (the "Annexation Agreement"). (*Id.* ¶ 16.) A preliminary plat was attached to the Annexation Agreement as Exhibit B and a landscape plan was attached as

---

[1]Though defendants each filed a separate Answer and Affirmative Defenses, all three defendants filed a joint response to plaintiff's motion to strike the affirmative defenses and the issues and facts in the joint response were essentially the same and taken from Defendant Cambridge's Answer and Affirmative Defenses. Therefore, the Court will use Cambridge's Answer and Affirmative Defenses for the factual background.

Exhibit B-1. (*Id.*)

In November 1999, Arnhold and Byzantio filed a lawsuit against Ocean Atlantic Woodland seeking to terminate its contract to sell the Byzantio/Arnhold Property to Ocean Atlantic Woodland. (Def. Cambridge's Answer ¶ 20.) On October 26, 2000, the parties entered into a settlement agreement to proceed with the purchase and sale of the Byzantio/Arnhold Property by January 25, 2001 ("Settlement Agreement"). (*Id.* ¶ 21.) However, Ocean Atlantic Woodland disastrously did not close by January 25, 2001 and thus failed to follow the terms of the Settlement Agreement. (*Id.*) Arnhold and Byzantio consequently terminated the contract. (*Id.* ¶ 22.) In response, Ocean Atlantic moved on February 5, 2001 to enforce the Settlement Agreement. (*Id.*) On February 28, 2001, the United States District Court for the Northern District of Illinois denied Ocean Atlantic Woodland's motion and ruled that the corporation had breached the Settlement Agreement and thus the Agreement was terminated and, on March 21, 2002, the Seventh Circuit affirmed the district court ruling.[2] (*Id.* ¶¶ 23-24.) Pursuant to these rulings, Ocean Atlantic Woodland lost any and all rights to purchase the Byzantio/Arnhold Property. (*Id.* at ¶¶ 6-7.) *See Arnhold v. Ocean Atl. Woodland Corp.,* 132 F. Supp. 2d 662, 674 (N.D. Ill. 2001), *aff'd,* 284 F.3d 693, 710 (7th Cir. 2002).

## Cambridge's Purchase and Proposed Development of the Byzantio/Arnhold Property

On December 29, 2000, Ocean Atlantic Woodland had entered into a contract with Cambridge, a California developer, for the sale of a portion of the Byzantio/Arnhold Property contingent on Ocean Atlantic Woodland's acquisition of the property. (Def. Cambridge's Answer ¶

_____

[2]*See Arnhold v. Ocean Atl. Woodland Corp.,* 132 F. Supp. 2d 662 (N.D. Ill. 2001) ("Arnhold I"), *aff'd,* 284 F.3d 693 (7th Cir. 2002) ("Arnhold II").

25.) During this time, Cambridge received from Ocean Atlantic Woodland certain design and engineering documents related to the proposed development for their review. (Def. Cambridge's Answer ¶ 26.) However, after the Ocean Atlantic's failure to acquire the property, Cambridge independently entered into an agreement on April 12, 2001 to acquire the property and ultimately purchased the Byzantio/Arnhold Property on July 19, 2001 with the intent to develop the land for residential use. (*Id.* ¶¶ 28-29.) Cambridge then hired Cowhey, an Illinois engineering firm, and Pugsley, an Illinois landscape architecture firm, for the engineering plans and plats of their development of the Arnhold/Byzantio Property. (*See id.* ¶¶ 32-33; Def. Cambridge's Affirmative Defenses ¶¶ 20-24.) On November 14, 2001 and October 21, 2001, Cambridge submitted a preliminary engineering plan and development design and engineering plan to the Village, listing Pugsley and Cowhey as the drafters. (Def. Cambridge's Answer ¶¶ 37-38.)

**Ocean Atlantic Woodland's Acquisition of the Roake/Lannert Plans' Copyright**

In February 2002, Roake and Lannert assigned to Ocean Atlantic Woodland all right, title, and interest, including the copyright, in the plans for the Byzantio/Arnhold Property (landscape plans, development design, engineering plans and schematics). (Def. Cambridge's Answer ¶ 30.) Also in February 2002, Ocean Atlantic Woodland registered the engineering and landscape plans it was assigned by Roake and Lannert with the Copyright Office. (Def. Cambridge's Answer ¶ 30.)

## DISCUSSION

In a motion to strike, pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A movant bears the burden of demonstrating that the challenged allegations are so

4

unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration and unduly prejudicial." *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

Courts in this district, following *Bobbitt v. Victorian House, Inc.*, have traditionally utilized a three-part inquiry when examining affirmative defenses subject to a motion to strike: (1) whether the matter is appropriately pleaded as an affirmative defense - only matters that deserve a clear "no" answer will be stricken to make the pleadings more concise; (2) if it is adequately pleaded under the requirements of Rules 8 and 9 - if inadequately pleaded, the affirmative defense will be dismissed without prejudice to enable defendants to correct that technical deficiency; (3) whether the affirmative defense meets the Rule 12(b)(6) standard - if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter will be stricken as legally insufficient. 532 F. Supp. 734, 737 (N.D. Ill. 1982); *see H.R.R. Zimmerman Co. v. Tecumseh Prods. Co.*, No. 99 C 5437, 2002 WL 31018302, at *2-3 (N.D. Ill. Sep. 9, 2002); *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, No. 01 C 5014, 2002 WL 485387, at *2 (N.D. Ill. Mar. 29, 2002).

First, Rule 8(c) lists nineteen named affirmative defenses but the list is not considered exhaustive and includes a catch-all reference to "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c); *see Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, 2002 WL 485387, at *2. It is therefore encouraged that pleaders allege affirmatively anything that could be considered an affirmative defense because of the possibility of waiver. *Ocean Atl. Dev. Corp. v. Willow Tree Farm*, 2002 WL 485387, at *2 (citing *Bobbitt*, 532 F. Supp. at 736). "[T]he basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Instituto Nacional de*

*Comercializacion Agricola v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983) (emphasis in original).

Second, affirmative defenses are subject to all the pleading requirements of the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(c); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). However, even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted. *MAN Roland Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 578 (N.D. Ill. 1999).

Last, under Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader. FED. R. CIV. P. 12(b)(6); *Renalds*, 119 F. Supp. 2d at 802 (citing *Gomez v. Ill. St. Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987)). As a general rule, a court will strike an affirmative defense only if it is insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## A. Affirmative Defenses I, V, VII, IX, and X

Plaintiff has moved to strike Affirmative Defenses I (Adequate Remedy at Law), V (Failure to State a Claim), VII (Innocent Infringement), IX (Lack of Standing), and X (Failure to Satisfactorily Allege Causation). The Court grants the motion to strike these purported defenses.

First, with regard to Affirmative Defense I, defendants argue that plaintiff has an "adequate remedy at law" in response to Ocean Atlantic Woodland's claim for injunctive relief in its complaint. In considering a preliminary or temporary injunction, the burden of proof is normally on the moving party to prove they are entitled to injunctive relief as demonstrated by four factors: (1) likelihood of prevailing on the merits; (2) an inadequate remedy at law; (3) the irreparable harm the nonmovant

6

will suffer if preliminary relief is granted, balanced against the irreparable harm to the movant if relief is denied; and (4) the injunction is not inconsistent with the public interest. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067 (7th Cir. 1994).

The burden of proof is on plaintiff Ocean Atlantic Woodland to prove that no adequate remedy at law exists in seeking injunctive relief. Accordingly, the argument that Ocean Atlantic Woodland has an adequate remedy at law is merely a denial of one of the elements plaintiff is required to prove. *See, e.g., Household Fin. Servs., Inc. v. Northeastern Mortgage Inv. Co.*, No. 00 C 667, 2000 WL 816795, at *1 (N.D. Ill. June 22, 2000) (stating adequate remedy of law is not an affirmative defense because it is an assertion that the party cannot establish a *prima facie* case, not a negation or avoidance of a cause of action.) The Court holds that the purported defense of "adequate remedy at law" is not an affirmative defense, and thus the Court strikes Affirmative Defense I with prejudice.

Second, with regard to Affirmative Defenses V (Failure to State a Claim Under the Illinois Consumer Fraud Act) and X (Failure to Satisfactorily Allege Causation), the Court holds that the allegations supporting these claims are merely bare bones legal conclusions, and they are therefore stricken with prejudice. If defendants truly want to challenge whether the complaint states a claim under the Illinois Consumer Fraud Act or whether the complaint sufficiently alleges causation, they may do so by filing a Rule 12(b)(6) motion.

Third, defendants raise as Affirmative Defense VII the theory that Ocean Atlantic Woodland's claims are defeated by way of innocent infringement under the Copyright Act. Defendants incorrectly state that innocent infringement is an affirmative defense under 17 U.S.C. § 504(c), a section that instead refers to innocent infringement as a mitigating factor with regard to damages for infringement. *See* 17 U.S.C. § 504(c). It is well-accepted law that innocent

infringement is actionable and will not constitute a defense to a finding of liability, though it may bear upon the remedies available against such a defendant. *See generally Columbia Pictures Indus., Inc. v. Zakarian*, No. 90 C 4057, 1991 WL 93889, at *4 (N.D. Ill. May 28, 1991); *see also* 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT (hereinafter "NIMMER ON COPYRIGHT") § 13.08 (1983 & Supp. 2002). Therefore, the Court grants plaintiff's motion to strike Affirmative Defense VII and strikes it with prejudice. However, defendants may raise the issue of innocent infringement as it pertains to the limitation of damages either at the summary judgment stage or at trial.

Fourth, with regard to Affirmative Defense IX (Lack of Standing), defendants argue that Ocean Atlantic Woodland lacks standing to pursue the claims and damages alleged in the complaint. Plaintiff argues that lack of standing is not an affirmative defense, and the Court agrees. Defendants' contention that plaintiff lacks standing is merely a denial of plaintiff's jurisdictional allegation in paragraph 5 of the Verified Complaint. Each defendant in its answer denies the factual averments in paragraph 5, and that is sufficient to preserve the defense that Ocean Atlantic lacks standing. According to defendants this is because (1) Roake and Lannert, who eventually transferred its copyright interests in the plans to Ocean Atlantic, conducted itself in a manner such that neither Roake and Lannert nor Ocean Atlantic would have standing to sue defendants; and/or (2) somehow the contract to transfer the copyright interests was defective. Therefore, the Court strikes with prejudice Affirmative Defense IX.

In sum, the Court grants plaintiff's motion to strike Affirmative Defenses I, V, VII, IX, and X. These affirmative defenses are stricken with prejudice.

8

## B. Affirmative Defense II: Unclean Hands

Defendants claim as their second affirmative defense that Ocean Atlantic Woodland's claims are defeated by the doctrine of unclean hands. Ocean Atlantic Woodland moves to strike this defense for failure to meet the requirements of Rule 9(b).

The doctrine of unclean hands is a properly designated and frequently raised affirmative defense, though not enumerated in Rule 8(c). *See Long v. Kemper Life Ins. Co.*, 553 N.E.2d 439, 440-41 (Ill. App. Ct. 1990); *see also Tome Engenharia E Transporrtes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *11 (N.D. Ill. Apr. 11, 1996). "Under Illinois law, misconduct on the part of a plaintiff which will defeat a recovery in a court of equity under the doctrine of 'unclean hands' must have been conduct in connection with the very transaction being considered or complained of, and must have been misconduct, fraud or bad faith toward the defendant making the contention." *Baal v. McDonald's Corp.*, 422 N.E.2d 1166, 1171 (Ill. App. Ct. 1981); *see also Energetec Sys., Inc. v. Kayser*, No. 84 C 10611, 1986 WL 8058, at *2 (N.D. Ill. July 17, 1986) ("The defense of unclean hands is shown by misconduct by the plaintiff involving the transaction complained of, which amounts to fraud, misconduct or bad faith toward the defendant making the contention.").

If fraud is alleged under the doctrine of unclean hands, Rule 9(b) requires that allegations of fraud include the particular circumstances involved, including the time, place, and specific contents of the alleged false representations or omissions. FED. R. CIV. P. 9(b). In other words, the party claiming fraud must place the opposing party on notice of the "who, what, where and when of the alleged fraud." *Ackerman v. Northwestern Mut. Life. Ins.*, 172 F.3d 467, 469 (7th Cir. 1999).

Ocean Atlantic Woodland admits that defendants satisfy this standard of "who, what, where and when" but then contends that the alleged conduct fails to put plaintiff on specific notice of how it might be characterized as fraudulent in accordance with Fed. R. Civ. P. 9(b). (Ocean Atlantic

Woodland's Reply Supp. Mot. Strike Affirmative Defenses, at 5.) In support of their claim of "unclean hands," defendants have alleged that: (1) Ocean Atlantic Woodland's obtaining of the copyright of the plans in February 2002 was a late "hedge" - impliedly a preparation to get around - the District Court and Seventh Circuit's rulings in *Arnhold v. Ocean Atl. Woodland Corp.*, 132 F. Supp. 2d 662 (N.D. Ill. 2001), *aff'd*, 284 F.3d 693 (7th Cir. 2002), which stated that Ocean Atlantic Woodland had forfeited all rights to the Byzantio/Arnhold property; (2) Ocean Atlantic Woodland did not pay anything for the February 2002 assignment; and (3) the Protected Plans are not original, distinctive works but were derived from work done in 1994 and 1995 by Roake and Lannert for a third party so that late purchase of these plans in February 2002 was for the purpose of creating and filing this lawsuit as harassment after other previous failed litigation attempts. (Defs.' Joint Resp. Pl.'s Mot. Strike Affirmative Defenses, at 17-18 ("Defs.' Joint Resp."); *see also* Def. Cambridge's Affirm. Defs. ¶¶ 1-53.)

Defendants' factual allegations have sufficiently put plaintiff on notice of the affirmative defense of unclean hands and defendants have pleaded sufficient facts to satisfy the Rule 9(b) standard of pleading with particularity for the claim of fraud. Whether the facts alleged by defendants constitute fraudulent conduct remains to be seen, and it seems premature to strike this defense at this stage in the litigation.[3] *See, e.g., Wausau Ins. Co. v. Woods Equip. Co.*, No. 01 C 8009, 2002 WL 398542, at *2 (N.D. Ill. Mar. 14, 2002). Rule 9(b) does not require that facts be

---

[3] "Under Illinois law, the elements of common law fraud are: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 791-92 (N.D. Ill. 1997).

pleaded which show the representation to be false but rather clearly the identity, time, place, content, and method of the misrepresentation. *Id.* at 792-93 (citations omitted).

Plaintiff already acknowledges that it is on notice of the "who, what, where, and when" of the alleged conduct, and this Court finds that plaintiff has been provided sufficient notice of how this conduct constitutes fraud such that the affirmative defense satisfies Rule 9(b). Further, the doctrine of unclean hands includes the standards of "misconduct" and "bad faith" as well as fraud, and defendants' factual allegations are clearly sufficient to state a claim of unclean hands under those theories as well. *See, e.g., Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 999 n.8 (N.D. Ill. 2001) (unclean hands is an equitable affirmative defense that need not be plead with particularity unless fraud is alleged invoking Rule 9(b)). It is clear from the allegations supporting defendants' affirmative defense that defendants rely on a copyright misuse defense, which is inextricably intertwined with their unclean hands defense. Therefore, the Court denies plaintiff's motion to strike Affirmative Defense II (Unclean Hands).

## C. Affirmative Defense III: Divestive Publication

Defendants' third affirmative defense states that Ocean Atlantic Woodland's claims are defeated by the divestive publication of the plans which are the subject of this lawsuit. Plaintiff has responded that 1) divestive publication is no longer an affirmative defense to copyright infringement and 2) publication through placement in public files is not divestive publication.

The term "divestive publication" is primarily associated with works published prior to January 1, 1978 - the date at which the common law copyright as to most works terminated due to federal preemption. 1 NIMMER ON COPYRIGHT §§ 4.01[A]-[B] (discussing the nature of publication prior and after January 1, 1978); *see, e.g., Roy Export Co. Establishment of Vaduz, Liechtenstein v.*

*Columbia Broad. Sys., Inc.,* 672 F.2d 1095, 1101 (2d Cir. 1982). Prior to January 1, 1978, publishing without appropriate copyright notice could divest the copyright owner of his/her rights and thrust the work into the public domain.[4] *See* 2 NIMMER ON COPYRIGHT § 7.02; *see generally Roy Export Co.,* 672 F.2d at 1101-02. Under the current Copyright Act, however, copyright rights are no longer divested by publication and the notice requirement was made optional under the Berne Convention Implementation Act of 1988 (Pub. L. No. 100-568 (1988)) (stating lack of notice no longer consigns a work to the public domain). 1 NIMMER ON COPYRIGHT § 4.13[A]; 2 *id.* § 7.02[C][3].

Because the plans at issue in this case were created in the late 1990s, publication without appropriate copyright notice may not divest the owner of the copyright of its rights in the plans. However, the issue remains whether the plans were part of the public domain, for example, because the plans were legislatively adopted. *See, e.g., Veeck v. S. Bldg. Code Cong. Int'l, Inc.,* 293 F.3d 791, 793 (5th Cir. 2002) (en banc). *But see John G. Danielson, Inc. v. Winchester-Conant Props., Inc.,* 186 F. Supp. 2d 1, 14-18 (D. Mass. 2002) (stating submission of proposed site plans to town under particular facts before the court did not put them in public domain), *aff'd in part, vacated in part on other grounds,* Nos. 02-1452, 02-1533, 2003 WL 834565 (1st Cir. Mar. 6, 2003).

Taking all the allegations in defendants' affirmative defenses as true, as we must on a motion to strike, defendants allege that the Village of Plainfield adopted into law the Annexation Agreement

---

[4]Discussing works created under the 1909 Copyright Act, the *Roy Export Co.* court stated: "Frequently, when courts speak of 'publication' they mean a distribution or other occurrence that has the consequence of leaving an author with no copyright protection: the publication divests him of his common-law copyright, and he secures no statutory protection because he has not affixed a statutory notice in his name.... When such a 'divestive' publication occurs, the author's work enters the public domain." *Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.,* 672 F.2d 1095, 1101 (2d Cir. 1982); *see, e.g., Bell v. Combined Registry Co.,* 536 F.2d 164, 168 (7th Cir. 1976); *Conner v. Mark I, Inc.,* 509 F. Supp. 1179, 1180-81 (N.D. Ill. 1981).

and the proposed housing development plans on the Arnhold/Byzantio property and that the plans attached to the Annexation Agreement are, by law, required to be followed by the developer of the property. (Def. Cambridge's Affirmative Defenses ¶¶ 25-38.) These allegations are sufficient to state a defense that the plans at issue were in the public domain.

In sum, although the Court finds that Affirmative Defense III is mistitled, the defense that public domain documents cannot be copyrighted is an affirmative defense and that defendants' allegations properly state this defense. Accordingly, the Court denies plaintiff's motion to strike this defense.

## D. Affirmative Defense IV: Laches, Estoppel, and Waiver

Defendants' claim as their fourth affirmative defense that Ocean Atlantic's claims are defeated under the doctrines of laches, estoppel, and waiver. Plaintiff argues that the defendant has simply listed these affirmative defenses without separately alleging their required elements.

### 1. Laches

Laches is an affirmative defense under Rule 8(c). Laches bars a party's rights when: (1) unreasonable delay by plaintiff in seeking redress for the alleged infringement, which (2) results in harm or prejudice to the defendant. *Ty, Inc. v. W. Highland Publ'g, Inc.*, No. 98 C 4091, 1998 WL 698922, at *10 (N.D. Ill. Oct. 5, 1998). Traditionally, plaintiff bears the burden of explaining the delay in bringing suit and, if the explanation is not sufficient, the defendant must show prejudice in the delay. *Zelazny v. Lyng,* 853 F.2d 540, 541 (7th Cir. 1988). This is generally considered a factual inquiry and discouraged from being decided on a motion to strike. *Warrior Ins. Group, Inc. v. Insureon.com, Inc.*, No. 00 C 3619, 2000 WL 1898867, at *1 (N.D. Ill. Dec. 29, 2000).

In *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569-70 (N.D.

Ill. 1999), the court struck down the defense of laches as having been inadequately pleaded because nothing in the complaint or answer indicated that plaintiffs were dilatory in bringing the action. In contrast to *Fleet Business*, however, this Court finds that defendants clearly indicate what actions of plaintiff they consider dilatory. Defendants allege the late acquirement of the copyright of the Roake/Lannert Plans in February 2002, seven months after Cambridge closed on the Arnhold/Byzantio property, and the filing of the suit in April 2002 as detrimental to Cambridge in the time line of its development project. (Def. Cambridge's Affirm. Defenses ¶¶ 17-19; Defs.' Joint Resp., at 23.) Thus, the motion to strike defendants' fourth affirmative defense of laches is denied.

## 2. Estoppel

Estoppel is an affirmative defense under Rule 8(c). To plead estoppel, defendants must show "that the copyright owner was aware of the infringing conduct and yet acted in a way that induced the infringer to reasonably rely upon such action to his detriment." *Ty, Inc.*, 1998 WL 698922, at *32-33; *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996). Estoppel does not have to be explicitly pleaded but may be reasonably inferred. *Codest Eng'g v. Hyatt Int'l Cap.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996).

This Court finds that sufficient facts have been pleaded to give adequate notice to plaintiff as to this affirmative defense. A court will strike an affirmative defense as legally insufficient only if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint. *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Defendants have alleged that it relied on the placement of the Roake/Lannert plans in the Annexation Agreement, which was allegedly enacted into law and made part of the public domain, when it created its own Cowhey/Pugsley Plans. (Def. Cambridge's Affirm. Defenses ¶¶ 20-37.) This allegation is sufficient to give plaintiff notice of defendants' affirmative defense of estoppel.

14

Accordingly, the motion to strike defendants' affirmative defense of estoppel is denied.

### 3. Waiver

Waiver is an affirmative defense under Rule 8(c). For waiver to be asserted, defendants must claim Ocean Atlantic Woodland made a "voluntary, intentional relinquishment of a known right." *Int'l Ins. Co. v. Peabody Int'l Corp.*, No. 87 C 464, 1991 WL 23630, at *3 (N.D. Ill. Jan. 23, 1991). Cambridge has alleged that Ocean Atlantic Woodland was aware that the plans it submitted to the Village of Plainfield were incorporated into the Annexation Agreement and enacted into law. (Def. Cambridge's Affirm. Defenses ¶¶ 22-35.) While plaintiff may dispute this, it is possible to infer that there a voluntary or intentional relinquishment, if the facts are properly looked at in favor of the pleader. *See generally Household Fin. Servs., Inc. v. Northeastern Mortgage Inv. Co.*, No. 00 C 667, 2000 WL 816795 (N.D. Ill. June 22, 2000); *Fleet Business Credit Corp.*, 191 F.R.D. at 570; *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Plaintiff has therefore been provided sufficient notice as to this affirmative defense. The motion to strike the affirmative defense of waiver is denied.

### E. Affirmative Defense VI: Merger

As a sixth affirmative defense, defendants allege that Ocean Atlantic Woodland's claims are defeated under the doctrine of merger under the copyright law. Plaintiff argues that this fails to meet the pleading requirements of Rule 8.

"Copyright law only protects expressions, not ideas." *Tensor Group, Inc. v. Global Web Sys., Inc.*, No. 96 C 4606, 1998 WL 887081, at *3 (N.D. Ill. Dec. 11, 1998). However, there are situations in which a "given idea is inseparably tied to a particular expression." *Id.* at *2. If an idea is susceptible to only one form of expression, the merger doctrine applies and 17 U.S.C. § 102(b) would

15

exclude the expression from the Copyright Act. *See, e.g., Veeck v. S. Bldg. Code Cong. Int'l*, 293 F.3d 791, 800-01 (5th Cir. 2002). Giving copyright protection to the expression in those situations "would confer a monopoly over the idea itself, in contravention of the statutory command." *Tensor Group*, 1998 WL 887081, at *3 (quoting Nimmer, *Nimmer on Copyright* § 13.03[B][3]). The allegedly infringing party bears the burden of proof on issues relating to merger, as the merger doctrine is an affirmative defense to infringement. *Id.*

Defendants have pleaded that the alleged similarities between plaintiff and defendants' plans are the result of the Annexation Agreement and/or characteristics of the land that dictate engineering. (Defs.' Joint Resp., at 30.) Questions whether the engineering plans were strictly dictated by characteristics of the land and/or by law may only be answered by further factual inquiry. Accordingly, it would be premature to strike Affirmative Defense VI at this time.

## F. Affirmative Defense VIII: Fair Use

Defendants claim as their eighth affirmative defense that their alleged use of the works in the complaint constituted fair use, particularly in that such use was mandated by law and contract, *i.e.*, the Annexation Agreement. Plaintiff responds that defendants cannot plead any facts that will support this defense.

Fair use is a well-established affirmative defense of copyright law. 17 U.S.C. § 107. *See Midway Mfg. Co. v. Pub'ns Int'l, Ltd.*, No. 94 C 1005, 1994 WL 188531, at *2 (N.D. Ill. May 12, 1998). 17 U.S.C. § 107 provides a four factor test for fair use: "In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include-- (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and

16

substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107. "[A]lthough affirmative defenses may be raised in a motion to dismiss, defenses such as the fair use doctrine involve a more detailed analysis of the facts at issue and are best resolved by summary judgment motions or adjudication at trial." *Chicago Sch. Reform Bd. of Trs. v. Substance, Inc.*, 79 F. Supp. 2d 919, 930-32 (N.D. Ill. 2000) (internal quotation omitted).

This Court finds that it is not impossible for defendants to prove a set of facts in support of the affirmative defense of fair use that would defeat the complaint. As discussed above, certain issues remain as to the nature of the copyrighted work that require factual inquiry and discovery, *e.g.*, whether the Roake/Lannert plans were in the public domain and to what extent the plans were dictated by the characteristics of the land and the Annexation Agreement.

Defendants have provided sufficient facts to provide plaintiff notice of this affirmative defense, and it would be premature to strike this defense at this stage of the litigation. Therefore, plaintiff's motion to strike Affirmative Defense VIII is denied.


## G. Affirmative Defense XI: No Expectation of Further Payment

Defendants allege in Affirmative Defense XI that, under copyright law, the authors of the works in the complaint had been paid in full for the creation of the works which were submitted to the Village of Plainfield and/or are attached to and part of the Annexation Agreement with the Village of Plainfield and said authors had and have no expectation of further payment. Plaintiff argues that this is not an affirmative defense, but the Court disagrees.

The Court finds that defendants' affirmative defense XI is sufficient to put plaintiff on notice of defendants' theory that the authors of the plan, Roake and Lannert, conducted themselves in such a

way as to consent to the use of the plans without expectation of further payment. In response to this affirmative defense, plaintiff argues that there can be no transfer of rights in the plans unless there is an express, written transfer of said rights. However, plaintiff ignores that an exclusive or nonexclusive license is an affirmative defense to a claim of copyright infringement, which is the theory upon which Affirmative Defense XI is based. Accordingly, the Court denies plaintiff's motion to strike Affirmative Defense XI.

## H. Cambridge & Pugsley's Affirmative Defense XII: Precluded by Prior Decision

Defendants Cambridge and Pugsley (but not Cowhey) claim "Precluded by Prior Decision" as their twelfth affirmative defense - mistakenly referred to as Affirmative Defense XIII in the response to the motion to strike. (*Compare* Def. Cambridge's Affirm. Defenses ¶¶ 76-77; Def. Pugsley's Affirm. Defenses ¶¶ 60-61, *with* Defs.' Joint Resp., at 36.) Affirmative Defense XII states that the claims of Ocean Atlantic Woodland are precluded by *Arnhold v. Ocean Atlantic Woodland Corp.*, 284 F.3d 693 (7th Cir. 2002), *aff'g*, 132 F. Supp. 2d 662 (N.D. Ill. 2001). (Defs.' Joint Resp., at 36.) However, in their response to plaintiff's Motion to Strike, defendants seem to indicate that they are relying on issue preclusion as an Affirmative Defense, rather than claim preclusion. (Defs.' Joint Resp., at 36.) Plaintiff moves to strike this affirmative defense as immaterial.

Issue preclusion is considered an affirmative defense. *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000). "Issue preclusion bars from relitigating issues of fact or law previously determined by a valid final judgment in an action between the same parties." *Wsol v. Carr*, No. 99 C 6834, 2001 WL 1104641, at *6 (N.D. Ill. Sep. 18, 2001). An issue may not be litigated if the following conditions are met: (1) plaintiff in this action was a party to the prior actions; (2) the issue sought to be precluded is the same as that involved in the prior action; (3) the issue was actually litigated; (4)

the determination of the issue was essential to the final judgment. *Id.*

The Court finds that this affirmative defense has been inadequately pleaded under the requirements of Rule 8. It is unclear which issues defendants seeks to preclude. This makes it impossible to determine whether the issues sought to be precluded in the instant action are the same as those in the prior action and whether the determination of those issues was essential to the final judgment. Accordingly, the Court grants plaintiff's motion to strike this defense and Affirmative Defense XII is stricken without prejudice to enable defendants to correct this technical deficiency.

## I. Cambridge & Pugsley's Affirmative Defense XIII & Cowhey's Affirmative Defense XII: Independent Creation

Defendants allege as an affirmative defense that the works said to infringe on Ocean Atlantic Woodland's copyrighted works were independently created. (Def. Cambridge's Affirm. Defenses ¶¶ 78-79; Def. Pugsley's Affirm. Defenses ¶¶ 62-63; Def. Cowhey's Affirm Defenses ¶¶ 50-51. *But see* Defs.' Joint Resp., at 35 (addressing defense jointly as Affirmative Defense XII).) Plaintiff argues that this affirmative defense lacks merit and credibility.

The manufacture, distribution and/or sale of an unauthorized copy which is substantially similar to a protected work infringes on the copyright in the work. *Ty, Inc. v. GMA Accessories, Inc.,* 959 F. Supp. 936, 939 (N.D. Ill. 1997), *aff'd,* 132 F.3d 1167 (7th Cir. 1997). In order to establish copyright infringement, a plaintiff must demonstrate that it owns a valid copyright, and that the defendant copied the protected work. *Id.* The copying inquiry entails questions of access, substantial similarity, and independent creation. *Ty, Inc. v. W. Highland Publ'g, Inc.,* No. 98 C 4091, 1998 WL 698922, at *7 (N.D. Ill. Oct. 5, 1998). When the plaintiff makes a showing of access and substantial similarity, a presumption of copying is raised. *LZT/Filliung P'shp, LLP v. Cody/Braun & Assocs.,*

*Inc.*, 117 F. Supp. 2d 745, 753 (N.D. Ill. 2000). However, while copying is forbidden, an independent creation resulting in an identical work, is permissible. *Ty, Inc.*, 132 F.3d at 1169. An inference of copying may be rebutted by evidence of independent creation. *Ellis v. Diffie*, 177 F.3d 503, 507 (6th Cir. 1999).

Therefore, plaintiff's argues that the affirmative defense of independent creation should be stricken because: (1) there is an admission by defendants that they looked at the Roake/Lannert plans and (2) the Pugsley/Cowhey plans closely resemble the Roake/Lannert plans. Defendants do not deny having access to the Lannert/Roake plans or that substantial similarity exists between the Pugsley/Cowhey plans to the Lannert/Roake plans. (Def. Cambridge's Answer ¶ 26A; Def. Cambridge's Affirm. Defenses ¶¶ 22-35; Defs.' Joint Resp., at 35.) Instead, defendants argue that they did their own work and created their own plans based on the characteristics of the land and the requirements as set by law in the Annexation Agreement.

The Northern District of Illinois and the Court of Appeals for the Seventh Circuit have held that if an alleged infringer creates the accused work independently or both works were copied from a common source in the public domain, then there is no infringement. *LZT/Filliung P'shp*, 117 F. Supp. 2d at 752-53; *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984). In *Ty, Inc. v. GMA Access., Inc. II*, the Seventh Circuit reasoned that two items could be strikingly similar, even identical, not because one is copied from another but because both are copies of the same thing in the public domain. 132 F.3d at 1170. Defendants have alleged that Cowhey, and Pugsley based their plans on inherent characteristics of the land and that the land was subject to the Annexation Agreement which they allege was publicly available. Thus, both the land and the Annexation Agreement are claimed to be in the public domain. Therefore, the motion to strike Affirmative Defense XII is denied.

20

### J. Plaintiff's Motion to Strike Sections of Cambridge's Pleadings

Lastly, Ocean Atlantic Woodland asks the Court to strike the factual allegations in the paragraphs preceding defendants' affirmative defenses because the statements contain misleading and improper accusations and legal conclusions relating to matters irrelevant to the plans at issue in this case. (Pl.'s Mem. Supp. Mot. Strike, at 35-36; *see, e.g.*, Def. Cambridge's Affirm. Defenses ¶¶ 1-16.) Ocean Atlantic Woodland claims that these allegations are immaterial, impertinent, and/or scandalous. (Pl.'s Mem. Supp. Mot. Strike, at 35.) Plaintiff also argues that they are an attempt to mislead the Court from the weakness of the defense and that these allegations improperly refer to prior and completely different litigation. *Id.*

Contrary to plaintiff's belief otherwise, the Court is not so easily mislead and is capable of separating the wheat from the chaff. None of the allegations in paragraphs 1-16 meet the standards provided under Rule 12(f), and thus, the motion to strike these paragraphs is denied with prejudice.

### CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part Plaintiff's Motion to Strike Defendants' Affirmative Defenses [doc. no. 26-1]. The Court grants the motion as to Affirm. Defenses I, V, VII, IX, and X and strikes them with prejudice and grants the motion as to Cambridge and Pugsley's Affirm. Defense XII and strikes it without prejudice. The Court denies the motion as to Affirm. Defenses II, III, IV, VI, VIII, XI, Cambridge and Pugsley's Affirm. Defense XIII (*i.e.*, Cowhey's Affirm. Defense XII), and paragraphs 1-16 of defendants' affirmative defense pleadings.

**SO ORDERED**                    **ENTERED:** 3/28/03


HON. RONALD A. GUZMAN
United States Judge

21