Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2523 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Ocean Atlantic Woodland Corp. vs. DRH Cambridge Homes, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: this Court rejects Ocean Atlantic's objections and adopts Magistrate Judge Bobrick's R&R in full. The Court hereby denies Ocean Atlantic's Motion for a Preliminary Injunction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 4 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 127 |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 SEP 24 AM 8:25 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCEAN ATLANTIC WOODLAND CORPORATION, a Virginia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DRH CAMBRIDGE HOMES, INC., a California Corporation, COWHEY, GUNDMUNDSON, LEDER, LTD., an Illinois Corporation, and PUGSLEY & LAHAIE, LTD., an Illinois Corporation,<br><br>Defendants. | ) ) ) ) ) ) 02 C 2523 ) ) ) Judge Ronald A. Guzmán ) ) ) ) ) ) ) ) |

DOCKETED
SEP 2 4 2003

## MEMORANDUM OPINION AND ORDER

On April 9, 2002, Plaintiff Ocean Atlantic Woodland Corporation ("Ocean Atlantic") sued and moved for preliminary injunction against Defendants, DRH Cambridge Homes, Inc. ("Cambridge"); Cowhey, Gundmundson, Leder, Ltd. ("CG&L"); and Pugsley & Lahaie, Ltd. ("Pugsley"). On April 10, 2002, this Court referred the Motion for Preliminary Injunction to Magistrate Judge Edward Bobrick. Following briefing by the parties and submission of documentary evidence, Magistrate Judge Bobrick issued a Report and Recommendation dated September 25, 2002 ("R&R"), denying Ocean Atlantic's Motion for Preliminary Injunction. Ocean Atlantic has now filed Objections to Magistrate Judge Bobrick's R&R ("Ocean Atlantic's Objections"). For the following reasons, this Court rejects Ocean Atlantic's Objections and adopts Magistrate Judge Bobrick's R&R without modification.

## FACTS

The facts of this case as well as the facts of the underlying dispute have been set out in detail in Magistrate Judge Bobrick's R&R and in *Ocean Atlantic Woodland Corp v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073 (N.D. Ill. Mar. 31, 2003). This Court will not rehash them here. Moreover, in considering Ocean Atlantic's Objections, this Court reviewed anew only that evidence available to Magistrate Judge Bobrick at the time he issued his R&R.

## DISCUSSION

Rule 72(b) provides that the court "to whom [a] case is assigned shall make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made" by a party. FED. R. CIV. P. 72(b). The court in its discretion may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). "The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

The issue before this Court is whether Ocean Atlantic met its burden of proving that no adequate remedy at law exists for its claim that Defendants infringed Ocean Atlantic's copyright of certain preliminary plans for the development of a specific parcel of land in Plainfield, Illinois, when Defendants relied on those plans to develop said parcel of land in accord with the Annexation Agreement filed with the Village and

2

adopted by ordinance on August 17, 1998, to which copies of the preliminary plans were attached.

"A preliminary injunction 'is an extraordinary and drastic remedy.'" *In re Aimster Copyright Litigation*, 252 F. Supp. 2d 634, 647 (N.D. Ill. 2002) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 971 (1997)). "Its purpose is to minimize the hardship to the parties pending the ultimate resolution of their lawsuit." *Id.* In order to succeed on its motion for a preliminary injunction, the moving party must demonstrate: (1) its likelihood of prevailing on the merits; (2) no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001); *see Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes*, No. 02 C 2523, 2003 WL 1720073, at *3 (N.D. Ill. Mar. 31, 2003). Once these conditions have been met, the court then must balance the irreparable harm the non-moving party will suffer if the injunction is granted against the irreparable harm the moving party will suffer if the injunction is not granted. *Id.* Finally, the court must consider the public interest in determining whether to grant or deny the injunction. *Id.* In weighing these factors, the court employs a sliding scale analysis (*i.e.*, the less likely the moving party will succeed on the merits, the greater irreparable harm need favor the moving party's position), which analysis is not fixed but rather is "subjective and intuitive." *Ty, Inc.*, 237 F.3d at 895-96.

A.  **Ocean Atlantic Failed to Meet Its Burden of Proving a Likelihood of Success on the Merits of Its Case.**

Ocean Atlantic objects to Magistrate Judge Bobrick's R&R that Ocean Atlantic is unlikely to succeed on the merits of its case. Specifically, Ocean Atlantic claims that it

3

made a *prima facie* showing of copyright infringement, and therefore an injunction should issue without further inquiry. If, however, Defendants' defenses must be consider by the court - and they must - then Ocean Atlantic claims Defendants never properly raised their defenses and, if they did, those defenses are unsupported by evidence sufficient to cast doubt on Ocean Atlantic's motion for preliminary injunction.

As previously stated, the law places the burden on the moving party to prove a likelihood of success on the merits. *Ty, Inc.*, 237 F.3d at 895; *see Ocean Atlantic*, 2003 WL 1720073, at *3. Although Ocean Atlantic argues that it must merely show a "better than negligible chance of succeeding on the merits of its case" (Ocean Atlantic's Objections at 2-3), precedent continues to require a likelihood of success, measured in relation to movant's potential irreparable harm. *See Ty, Inc.*, 237 F.3d at 895 ("the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position"); *Sofinet v. I.N.S.*, 188 F.3d 703, 707 (7th Cir. 1999) ("[t]he less compelling the case on the merits, the greater the showing of irreparable harm must be").

Here, it is undisputed that Ocean Atlantic owns a copyright in the preliminary plans and that Defendants may have copied portions of those plans. (Corrected Am. Defs.' Joint Prelim. Resp. Opp'n to Pl.'s Mot. Prelim. Inj. at 8, 9-10.) The record in this case, however, presents substantial issues which bear on Ocean Atlantic's likelihood of proving infringement, issues which, coupled with Ocean Atlantic's failure to convince this Court it will suffer irreparable harm if an injunction is denied, tip the balance in favor of Defendants. *See In re Aimster*, 252 F. Supp. 2d at 648-662 (finding infringement then considering mitigating effect of defenses before determining movant's

4

likelihood of success on the merits).

Ocean Atlantic objects that Defendants failed to show with sufficient certainty that they acted pursuant to an implied nonexclusive license when they used portions of the preliminary plans to draft their final engineering plans. This Court disagrees. The owner of a copyright may, without transferring ownership in the copyright, grant a nonexclusive license to another to use the copyrighted material. *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999). A nonexclusive license need not be in writing, but may be implied from conduct. *Id.*; *I.A.E. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). By an implied nonexclusive license, the copyright owner "permits the use of a copyrighted work in a particular manner," and the licensee violates the copyright only by exceeding the scope of the license. *Id.* The existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement. *Id.*

As this governing principle applies to Roake and Lannert, the copyright owners at the time the Annexation Agreement was executed and adopted by the Village, Magistrate Judge Bobrick correctly found that "Roake and Lannert handed over the development plans with the knowledge that the land would be developed in accordance with the plans." (R&R at 15.) Because the Annexation Agreement required that "OWNERS . . . develop the Subject Property in accordance with the Preliminary Plat prepared by The Lannert Group dated 7/29/98 . . . and the Preliminary Landscape Plan prepared by The Lannert Group dated 4/20/98 . . . attached hereto and made part of this Agreement" (Mem. in Supp. of Mot. Prelim. Inj., Ex. 8, Annexation Agreement at 3), Defendants present a strong argument that Owners acquired from Roake and Lannert an implied nonexclusive license to use the preliminary plans as required by the Annexation

5

Agreement. Therefore, when Ocean Atlantic acquired the copyright from Roake and Lannert four years later, Ocean Atlantic took that right subject to the existing implied nonexclusive license.

Moreover, one can take the application of this principle one step further. Ocean Atlantic did not come into their copyright blind. Ocean Atlantic was a party to the drafting of the preliminary plans and it was a party to the Annexation Agreement. (Mem. in Supp. of Mot. Prelim. Inj. at 4.) It acquired its copyright in the preliminary plans four years *after* it executed the Annexation Agreement to which it attached the plans and notably several months *after* Defendants acquired the property and began development as dictated by that Agreement. (Mem. Supp. Mot. Prelim. Inj., Exs. 3 & 4, Registrations of Copyrights.) It could be argued then that Ocean Atlantic, when it executed the Annexation Agreement, knowingly handed over the preliminary plans to Owners and the Village, intending the plans to be copied into final plans by which the land would be developed. Like the defendant in *I.A.E. v. Shaver*, 74 F. 3d 768, 776 (7th Cir. 1996), who turned over his plans to builders under the mistaken belief that he ultimately would be the architect on the project, Ocean Atlantic turned over its plans to Owners via the Annexation Agreement, intending that Ocean Atlantic ultimately would acquire and develop the land. That did not happen, however. Therefore, like the *Shaver* court, this Court finds that Ocean Atlantic's unrealized belief that it would be the developer does not negate any implied nonexclusive license created by the Annexation Agreement. *See id.* at 776-77. Further, in creating final engineering plans from the preliminary plans, Defendants most likely did not exceed the scope of the license.

Ocean Atlantic also objects that the Annexation Agreement is ambiguous as to the

parties' intent as to subsequent owners. This Court, however, finds that issue need not be resolved in its determination whether to grant or deny a preliminary injunction. At the time Ocean Atlantic executed the Annexation Agreement, it could have insisted that development pursuant to the preliminary plans be limited to Ocean Atlantic, and not extended to "Owners" generally. It did not. Indeed, the fact that Ocean Atlantic signed the Annexation Agreement granting "Owners" the right to develop the property in accord with the preliminary plans is strong evidence that Ocean Atlantic intended the implied nonexclusive license to transfer to subsequent Owners, which Owners would have been Ocean Atlantic had the deal closed as planned. But, through no fault of anyone but Ocean Atlantic, Ocean Atlantic never acquired ownership of the property. Moreover, Ocean Atlantic originally intended to resell the property to Cambridge after acquiring it from Owners. (Defs.' Resp. to Ocean Atlantic's Objections at 9.) That contract between Ocean Atlantic and Cambridge was silent as to the copyright issues Ocean Atlantic now raises against Defendants. (*Id.*) Indeed, intent as to subsequent owners became an issue only once Ocean Atlantic decided to tie up the land in litigation. (Corrected Am. Defs.' Joint Prelim. Resp. Opp'n to Pl.'s Mot. Prelim. Inj., Ex. B, 04/15/03 Dep. of M. Ferraguto at 23-24.) Although, as acknowledged by Magistrate Judge Bobrick, an open issue exists as to the parties' intent as to subsequent owners, the foregoing evidence weighs strongly in Defendants' favor in assessing whether a preliminary injunction should issue against Defendants. (R&R at 15.)

Next, Ocean Atlantic objects to Magistrate Judge Bobrick's finding that Ocean Atlantic's copyright misuse "cast[s] the gravest doubts on [Ocean Atlantic's] likelihood of success" on the merits and argues that Magistrate Judge Bobrick manufactured the

7

defense. (Ocean Atlantic's Objections at 8.) This allegation is patently untrue. As this Court ruled on Ocean Atlantic's Motion to Strike Affirmative Defenses: "[i]t is clear from the allegations supporting defendants' affirmative defense that defendants rely on a copyright misuse defense, which is inextricably intertwined with their unclean hands defense." *Ocean Atlantic Woodland Corp. v. DHR Cambridge Homes*, No. 02 C 2523, 2003 WL 1720073, at *6 (N.D. Ill. Mar. 31, 2003). This Court, therefore, adopts Magistrate Judge Bobrick's R&R as to Defendants' copyright misuse defense in its entirety without modification.

Finally, Ocean Atlantic objects to Magistrate Judge Bobrick's finding that Defendants' laches defense casts doubt on Ocean Atlantic's ability to prevail on the merits of its case and argues that Defendants failed to raise this defense in response to Ocean Atlantic's Motion for Preliminary Injunction. Again, Ocean Atlantic's assertions are untrue.

To establish laches, a defendant must show an unreasonable lack of diligence on behalf of the moving party and prejudice to the non-moving party arising from that lack of diligence. *Hot Wax v. Turtle Wax*, 191 F.3d 813, 822 (7th Cir. 1999). Although a presumption of laches arises if the claim is brought after the statute of limitations has run, the doctrine "holds that even if the delay is for a shorter period of time than that of the statute, it may still bar equitable relief it is unreasonable and prejudicial to the defendant." BLACK'S LAW DICTIONARY 879 (7th ed. 1999) (quoting John F. O'Connell, *Remedies in a Nutshell* 16 (2d ed. 1985)).

Here, Defendants raised laches as an affirmative defense to Ocean Atlantic's complaint at law which was filed simultaneous with Ocean Atlantic's Motion for

Preliminary Injunction. In considering Ocean Atlantic's motion to strike Defendants' laches defense, this Court found that Defendants "clearly indicate[d] what actions of plaintiff they consider dilatory" (*see Ocean Atlantic*, 2003 WL 1720073, at *7). Defendants further raised the issue in their response to Ocean Atlantic's preliminary injunction motion, when it addressed conduct which prevents Ocean Atlantic from obtaining equitable relief. In particular, Defendants rely on the fact that Ocean Atlantic delayed acquiring the copyright in the preliminary plans for four years after it attached the plans to the Annexation Agreement and seven months after Cambridge acquired the property and began development as required by the Annexation Agreement. (Corrected Am. Defs.' Joint Prelim. Resp. Opp'n to Pl.'s Mot. Prelim. Inj. at 7.) During that time, the plans were available to the public and part of the public record. Moreover, Cambridge acquired the property and conducted extensive testing and studies to prepare final engineering plans in accord with the Annexation Agreement. It completed the storm water detention basin and a sanitary sewer, water main and storm sewer system, undertook grading of streets, and began development of the school site, all as required by the Annexation Agreement. (*Id.* at 7, 9-10.) This Court, therefore, finds that Ocean Atlantic's failure to act promptly in enforcing any claim of copyright infringement it may have had against Defendants likely unreasonably prejudiced Defendants by allowing them to undertake extensive development pursuant to the preliminary plans before Ocean Atlantic sought to halt such development through a preliminary injunction.

In light of the defenses available to Defendants and the evidence presented to this Court for consideration, this Court finds that Ocean Atlantic failed to established a likelihood of prevailing on the merits of its case. Moreover, likelihood of success on the

9

merits is only one factor a court must consider in determining whether to issue a preliminary injunction.

B.  **Ocean Atlantic Failed to Demonstrate Irreparable Harm and Inadequate Remedy at Law.**

Ocean Atlantic objects to Magistrate Judge Bobrick's R&R that Ocean Atlantic failed to show irreparable harm and inadequate remedy at law and argues that irreparable harm is presumed upon a showing of infringement.

The Copyright Act allows injunctive relief where it is reasonable for the purpose of preventing copyright infringement. 17 U.S.C. § 502(a); *see In re Aimster*, 252 F. Supp. 2d at 647. Although irreparable harm may normally be presumed from a showing of copyright infringement, it is a rebuttable presumption. *Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982), *superseded by statute on other grounds as stated in Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1429 (7th Cir. 1985); *In re Aimster*, 252 F. Supp. at 647. The applicability of the presumption is effected by the degree of likelihood of success on the merits. *Ty, Inc.*, 237 F.3d at 895; *Sofinet*, 188 F.3d at 707; *Atari, Inc.*, 672 F.2d at 620.

Although it is undisputed that Ocean Atlantic owned the copyright in the preliminary plans and Defendants likely copied portions of those plans (*supra* at 4), Defendants rebut Ocean Atlantic's claim of infringement with the affirmative defenses of implied license, laches, and misuse, which cast grave doubt on Ocean Atlantic's ability to prevail on the merits of its case. Accordingly, any presumption of irreparable harm is adversely effected by these affirmative defenses which greatly decrease plaintiff's likelihood of success.

10

In this case, in order to prevail on its motion for preliminary injunction, Ocean Atlantic had to make a strong showing of irreparable harm. It did not. In fact, Ocean Atlantic failed to convince this Court that it would be irreparably harmed at all if the preliminary injunction is denied. It also has failed to convince this Court that a monetary award is an inadequate remedy should it prevail at law. This Court, therefore, finds that Ocean Atlantic did not meet its burden of proving these two prongs of the preliminary injunction standard and further finds Ocean Atlantic's request for equitable relief unreasonable in light of an adequate remedy at law.

C. The Balance of Harms Tips in Favor of Defendants and the Public Interest.

Finally, Ocean Atlantic objects to Magistrate Judge Bobrick's R&R that the balance of harms tips toward Defendants and argues that its interest in protecting a copyright in plans specific to one particular parcel of land outweighs Defendants' interest in development of its property, the interest of individuals with contracts pending on new homes in completion of the development, and the community's interest in public services available at the development.

This case is determined in the balancing test, and the law is clear:

> If the balance of harms tips toward the plaintiff, but only slightly, then a greater likelihood of prevailing is required; if the balance tips toward the defendant, of course, the injunction must be denied, whatever the plaintiff's chance of winning on the merits. Thus the trial court [may] require a fairly clear-cut probability of success if [it] did not find that harm to the plaintiff outweighed harm to the defendant to a significant degree.

(R&R at 18-19 (quoting *Maxim's Ltd. v. Badonsky*, 772 F.2d 388, 391 (7th Cir. 1985)); see *Ty, Inc.*, 237 F.3d at 895; *Sofinet*, 188 F.3d at 707.

Ocean Atlantic alleges Defendants' use of its preliminary plans violates its "fundamental intellectual property rights, namely the right to exclude others from copying and using its drawings" and holds that right superior to all others. (Mem. Supp. Mot. Prelim. Inj. at 24.) In so doing, Ocean Atlantic ignores the affirmative defenses raised by Defendants and dismisses the substantial harms to both Defendants and the public interest.

If a preliminary injunction is granted, Cambridge would be prohibited from completing development of the land in accord with the Annexation Agreement. All construction would stop. It could be years before this litigation is resolved; it could be years before new plans are created and approved by the Village for development. In the meantime, the work stoppage would effect Cambridge's already substantial investment of time and money in the development as well as its use of its land. It would put contractors and employees at the site out of work. It would bar the closing of individual contracts pending on new homes in the development and would halt completion of the new school district due to open this fall. (Corrected Am. Defs.' Joint Prelim. Resp. Opp'n to Pl.'s Mot. Prelim. Inj. at 22.) Ocean Atlantic requests such complete disruption in the name of pursuing its claim which, in the event it is proved, could be satisfied with a monetary award.

In light of the above, this Court finds the greater harm tips toward Defendants and the public interest. The preliminary injunction, therefore, must be denied.

### D. Ocean Atlantic Waived Its Right to an Evidentiary Hearing.

After fifteen months of briefing this issue, Ocean Atlantic raised for the first time

12

in its Objections its desire for - in fact, its belief in the necessity of - an evidentiary hearing on its Motion for Preliminary Injunction.

A court need not conduct an evidentiary hearing before ruling on a motion for preliminary injunction. *Baxter Healthcare Corp. v. Med. Lab. Automation*, No. 94 C 4558, 1994 WL 695521, at *2 (N.D. Ill. Dec. 9, 1994). When a party rests on affidavits and other written submissions, it waives an evidentiary hearing. *Id.*

Ocean Atlantic did not request an evidentiary hearing before Magistrate Judge Bobrick denied its motion for preliminary injunction. Ocean Atlantic manifested its assent to the Court's consideration of written submissions by participating fully in the briefing schedule suggested by the Court and failing to request an evidentiary hearing. Before Magistrate Judge Bobrick issued his R&R, Ocean Atlantic was content to rest on its written submissions. As a result, Ocean Atlantic has waived an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, this Court rejects Ocean Atlantic's objections and adopts Magistrate Judge Bobrick's R&R in full. The Court hereby denies Ocean Atlantic's Motion for a Preliminary Injunction.

**SO ORDERED**  **ENTERED:** 9/23/03

HON. RONALD A. GUZMAN
**United States Judge**

13