# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2523 | **DATE** | 11/26/2003 |
| **CASE TITLE** | OCEAN ATLANTIC WOODLAND CORPORATION vs. DRH CAMBRIDGE HOMES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/12/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Ocean Atlantic's motion to add Midwest Technical Consultants, Inc. as a defendant [doc. no. 98-1] and denies its motion for leave to amend its complaint [doc. no. 98-2]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | | number of notices | |
| | Notices mailed by judge's staff. | | | | DEC 0 1 2003 | |
| | Notified counsel by telephone. | | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | docketing deputy initials | 132 |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | | | |
| CG | courtroom deputy's initials | | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

OCEAN ATLANTIC WOODLAND )
CORPORATION, a Virginia Corporation, )
)   DEC 0 1 2003
Plaintiff, )
)
v. )   Judge Ronald Guzmán
)
DRH CAMBRIDGE HOMES, INC., )   02 C 2523
a California Corporation, COWHEY, )
GUNDMUNDSON, LEDER, LTD., an Illinois )
Corporation, and PUGSLEY & LAHAIE, LTD., )
an Illinois Corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Ocean Atlantic Woodland Corporation ("Ocean Atlantic") has moved this Court, pursuant to Federal Rules of Civil Procedure ("Rule") 21[1] and 15, to add Midwest Technical Consultants, Inc. as a defendant and for leave to file an amended complaint. For the reasons provided in this Memorandum Opinion and Order, the motion is denied.

---

[1] Ocean Atlantic seeks to add Midwest Technical Consultants, Inc. as a defendant under Federal Rule of Civil Procedure 21, which provides that "parties may be...added by order of the court on motion of any party." Because Rule 21 does not provide the standard used to determine whether such joinder is proper, courts use the permissive joinder standard contained in Federal Rules of Civil Procedure 20(a). *Byers v. Ill. State Police*, No. 99 C 8105, 2000 WL 1808558, at *1 (N.D. Ill. Dec. 6, 2000). Fed. R. Civ. P. 20(a) allows for the joinder of persons in one action as defendants if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

1

## FACTS

On April 9, 2002, Ocean Atlantic filed a complaint against DRH Cambridge Homes, Inc. ("Cambridge"), Cowhey Gundmundson, Leder, Ltd. ("Cowhey"), and Pugsley & LaHaie, Ltd ("Pugsley") (collectively "defendants")[2] alleging copyright infringement, unfair competition and deceptive trade practices, false designation of origin, conversion and unjust enrichment. The defendants have raised numerous affirmative defenses in response. The factual background of this case has been described in detail by this Court in its March 31, 2003 Memorandum Opinion and Order. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073 (N.D. Ill. Mar. 31, 2003).

The original deadline for the close of discovery was set for October 9, 2002. On October 9, 2002, the close of discovery was extended to January 7, 2003. On December 10, 2002 Magistrate Judge Bobrick granted Ocean Atlantic's motion to extend discovery to February 14, 2003. Under a joint oral motion by the parties, Magistrate Judge Bobrick again extended discovery until March 7, 2003. On March 3, 2003 another extension for discovery was granted and the cut-off date for fact discovery was set for March 31, 2003. Finally, on March 31, 2003, Magistrate Judge Bobrick granted the parties leave to complete discovery that had been noticed before the cut-off date, but informed the parties that no new fact discovery would be permitted. In between the aforementioned discovery extensions a constant stream of motions to compel answers to interrogatories were filed by both sides.

On April 9, 2003, Ocean Atlantic moved to amend its complaint. First, Ocean Atlantic argues that through recent discovery it has learned that Midwest Technical Consultants, Inc. ("MTC") infringed upon Ocean Atlantic's copyrighted materials. (Pl.'s Mot. Add Add'l Def.

---

[2] The Response to Plaintiff's Motion to Belatedly Amend Complaint was submitted on behalf of all defendants and therefore the defendants will hereinafter be referred to collectively as "defendants."

Am. Compl. ("Pl.'s Mot.") at 1-2.) Ocean Atlantic has moved to add MTC as a party and to amend its complaint to include counts against MTC. Second, Ocean Atlantic further contends that it has also recently learned of infringement of its additional copyrighted material by Pugsley and Cambridge and moves to further amend its complaint to reflect this. (Pl.'s Mot. at 2.)

## DISCUSSION

The first part of Ocean Atlantic's motion involves an attempt to amend its complaint to assert causes of action against MTC based on plans and schematics MTC prepared on behalf of Cambridge in alleged violation of the Copyright Act and other statutes. (*Id.*) Ocean Atlantic claims that through its discovery efforts new facts have been revealed which demonstrate that documents prepared by MTC for Cambridge contain plans and schematics that evidence infringement of Ocean Atlantic's copyrighted materials. (Pl.'s Mot. at 2.) Ocean Atlantic states that it was unaware that "MTC had prepared the Geometric Base sheet from [Ocean Atlantic's copyrighted materials]...[and] as a result, [Ocean Atlantic] previously had no basis to sue MTC." (Pl.'s Reply at 2.) Ocean Atlantic further claims that in light of the liberal amendment policy under Rule 15, the motion to amend its complaint should be granted. (Pl.'s Reply Supp. Mot. Add Add'l Def. Am. Compl. ("Pl.'s Reply") at 3.) Defendants have countered stating that Ocean Atlantic's motion "comes very late in the day." (Defs.' Resp. Pl.'s Mot. Am. Compl. ("Defs.' Resp.") at 1.)

In the absence of a Rule 16(b)(1) scheduling order to limit the time to join other parties and to amend the pleadings, the motion to amend is analyzed under the rubric of Rule 15. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 n.1 (7th Cir. 2002). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings after a

responsive pleading has been served only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15. The rule reflects a liberal attitude towards the amendment of pleadings, however, the right to amend a complaint is not absolute. *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991). Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party seeking to amend carries the burden of demonstrating that no prejudice will result to the non-moving parties. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994). The determination to grant or deny the leave to amend is committed to the discretion of the trial court. *Foman*, 371 U.S. at 182; *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Defendants do not allege bad faith or futility; rather they contend that Ocean Atlantic delayed in filing its amendments and such delay should not further extend discovery. It is understood that "[a]lmost every amendment of a complaint results in some prejudice to the defendant." *Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976). The correct inquiry then is whether the proposed delay will result in undue prejudice to the opposing party. *See Jones v. Hamelman*, 869 F.2d 1023, 1026-27 (7th Cir. 1989) (finding that extreme tardiness in amending complaint which results in prejudice to defendants outweighs general policy behind Rule 15). A defendant may be unduly prejudiced in cases "where the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in allegations of the complaint' and where the amendment would require expensive and time-consuming additional discovery." *Lanigan v. LaSalle Nat'l Bank*,

108 F.R.D. 660, 662 (N.D. Ill. 1985) (quoting *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)).

Although delay in itself does not constitute a sufficient basis for denying a motion to amend, *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988), "the longer the delay, the greater the presumption against granting leave to amend." *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988); *see also Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1184 (7th Cir. 1986) ("considerations of delay and prejudice may preclude automatic grant of an amendment"). Denial of a motion to amend is particularly warranted if the movant does not explain the reason for the delay and the amendment would cause further delay in the litigation and prejudice to the non-movant. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (finding that where amendment is filed long after original complaint and is based on facts that plaintiff knew for a year, "the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice").

The burden to the judicial system may also justify a denial of a motion to amend "even if the amendment would cause no hardship at all to the opposing party." *Tamari*, 838 F.2d at 908. "[A] trial court can deny amendment when concerned with the costs that protracted litigation places on the courts." *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990). Delay impairs the 'public interest in the prompt resolution of legal disputes. The interests of justice go beyond the interests of the parties to the particular suit;...delay in resolving a suit may harm other litigants by making them wait longer in the court queue.'" *Id.* (quoting *Tamari*, 838 F.2d at 909).

In the instant case, defendants contend that "any discovery that MTC would desire to take—and would be entitled to take—in this action...would fall outside the parameters set by

Magistrate Judge Bobrick." (Defs.' Resp at 6.) Ocean Atlantic has responded claiming, "joining MTC as an additional defendant will result in little additional discovery and therefore no undue delay in this proceeding." (Pl.'s Reply at 3.) Based upon the extensive discovery that has taken place thus far and the fact that if the motion is granted the Court would have to allow MTC to conduct full discovery, this Court is reluctant to allow discovery to be re-opened.

The defendants clearly have a compelling interest in obtaining the quickest possible resolution of these claims without undue expense. The allowance of this amendment would result in injustice because of the delay and necessity of the additional discovery. Fact discovery is for all intents and purposes already closed and further discovery and delay would burden both defendants and the judicial system. Additionally, granting the leave to amend will impair the public interest in the prompt resolution of the legal disputes before the Court.

Furthermore, the evidence demonstrates that Ocean Atlantic should have been aware of MTC's involvement well in advance of the last stages of discovery. Where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the amendment will be denied. *See Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (leave to file third amended complaint denied when motion was made six months after plaintiffs learned of the allegations but failed to seek an amendment until faced with summary judgment). Defendants state that on July 9, 2002, they served their initial responses to Ocean Atlantic's discovery requests in which both Cambridge and Cowhey identified MTC in their responses to interrogatories. (Defs.' Resp. at 2.) Specifically Cambridge stated that it "provided a copy of the preliminary engineering plan and ALTA survey to MTC in or about May, 2001." (Defs.' Reply at 3 (citing Ex. A, Def. Cambridge's Objections & Answers Pl.'s First Set Interrogs. at

12).) The defendants contend that Cowhey identified MTC's involvement listing MTC as an entity that "provided [Cowhey] with information that was either directly or indirectly used by [Cowhey] in the preparation of its plans for the Property." (Defs.' Reply at 3 (citing Ex. B, Def. Cowhey' Answers Pl.'s First Set Interrogs. at 9).) Furthermore, defendants state that Cowhey identified MTC again when it reported the May 16, 2001 meeting at Cambridge's office to discuss Cowhey's "coordination with [MTC]." (Defs.' Reply at 3; Ex. B at 8.) In addition, defendants assert that both Cambridge and Cowhey produced documents in July 2002 that included correspondences from MTC, including: (1) a letter of transmittal from MTC to Cambridge, stating that MTC is sending a full sized copy of a preliminary plan for the Property obtained from the Village Plainfield's Department of Community Development; (2) a letter of transmittal showing MTC's transmittal of the approved preliminary plan which MTC's Bruce Bruckelmeyer obtained from the Village of Plainfield; (3) records of telephone conversations on MTC letterhead that refer to development efforts in Plainfield; (4) a document on MTC letterhead addressed to Cambridge's Erik Sandstedt pertaining to [the property] in Plainfield, IL. (Defs.' Reply at 4.)

Ocean Atlantic's motion for leave to file its amended complaint was filed on April 9, 2003, after the close of new fact discovery and one year after filing its first complaint. Ocean Atlantic claims it had no knowledge[3] of MTC's involvement at the time it filed its first complaint. However, as discussed above, defendants point out that on July 9, 2002, Ocean Atlantic had notice of the facts relating to these new claims by way of the defendants' answers to written discovery but lacked diligence in the matter. Whether the delay "results from bad faith

---

[3] Ocean Atlantic claims in its motion that "through recent discovery [Ocean Atlantic] learned that MTC...also provided professional services to Cambridge" (Pl.'s Mot. at ¶ 2), yet later clarifies its position in its reply stating, "[o]nly through recently conducted depositions and the review of documents recently produced has [Ocean Atlantic] become aware of the *extent and nature* of the services provided by MTC to Cambridge." (Pl.'s Reply at 1 (emphasis added).)

or mere absentmindedness, a district judge may act to deter such artificial protraction of litigation, and its costs to all concerned, by denying the amendment." *Feldman*, 850 F.2d at 1225-26 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). The Court concludes that Ocean Atlantic had sufficient notice of MTC's involvement, yet unwisely delayed in filing its amended complaint until discovery deadlines had run.

Ocean Atlantic also seeks joinder of MTC pursuant to Rule 21. However, as discussed above, *see supra* n.1, Rule 21 does not provide the standard to determine whether such joinder is proper; the permissive joinder standard is contained in Federal Rule of Civil Procedure 20(a). Rule 20(a) allows for the joinder of persons in one action as defendants if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law of fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

In ruling on such motions, "'[c]ourts are allowed a great deal of discretion in determining whether to add an additional party to a case.'" *Sanders v. City of Chicago*, No. 95 C 1400, 1995 WL 765271, at *2 (N.D. Ill. Dec. 22, 1995) (quoting *South v. Rowe*, 102 F.R.D. 152, 157 (N.D. Ill. 1984)). Courts have refused to permit joinder that would result in substantial delay, unduly prejudice the present defendants, introduce complicated issues into an already complex case, or join defendants on claims which could not withstand motions to dismiss or for summary judgment. *MacDermid, Inc. v. Deveco Corp.*, No. 84 C 10708, 1986 WL 4999, at *2 (N.D. Ill. Apr. 21, 1986) (citing *Gonzalez v. Leonard*, 497 F. Supp. 1058, 1077 (D. Conn. 1980); *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 420-21 (E.D.N.Y. 1972); *Allied Chem. Corp. v. Strouse, Inc.*, 53 F.R.D. 588, 589-90 (E.D. Pa. 1971) (holding that possible delay in trial is sufficient basis to deny joinder of new party)); *see also Arrington v. Fairfield*, 414 F.2d 687,

693 (5th Cir. 1969) ("[T]he provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice."); *Lanigan*, 108 F.R.D. at 663. Here, joinder of the proposed defendant would necessitate new discovery which would result in substantial delay. Regardless, having determined that Ocean Atlantic may not amend its pleading to assert claims against MTC, there is no basis for adding MTC as a defendant. Ocean Atlantic's motion to add MTC as a defendant is therefore denied.

Lastly, Ocean Atlantic has moved to amend its complaint to add infringement claims against Pugsley and Cambridge for the alleged direct and willful copying of an additional Copyright Registration—Landscape Plan, No. 98080002, United States Copyright Registration, Certificate No. VA 523-992, issued effective February 28, 2002—by Pugsley. (Pl.'s Mot. at 2-3.) In support of this motion Ocean Atlantic states that on or about February 10, 2003, Pugsley produced documents containing plans or schematics that evidence infringement of Ocean Atlantic's copyrighted materials including Landscape Plan, No. 98080002. (Pl.'s Mot. at 2; Pl.'s Am. Compl., Ex. O.) Ocean Atlantic argues that during a deposition a landscape architect for Pugsley testified that at Cambridge's instruction he copied Landscape Plan No. 98080002. (Pl.'s Mot. at 2.) Defendants have countered stating that Ocean Atlantic alleged in and attached to its original Verified Complaint only two Copyright Registration certificates. (Defs.' Reply at 1 n.1.) Defendants further contend that "[t]he new Copyright Registration certificate added to the proposed Amended Verified Complaint was disclosed only as an application to the Copyright Office, not a Registration, and [Ocean Atlantic] has not specifically identified which document produced during discovery in this case is the subject matter of the new Copyright Registration certificate." (Defs.' Reply at 1 n.1.)

The request for leave to file to amend the pleadings regarding the claims against Pugsley and Cambridge is denied. Ocean Atlantic only now seeks to add claims based upon an entirely new copyright landscape plan. Although Pugsley and Cambridge have been parties since the original complaint was filed, the addition of a new copyright registration to the existing claims now would necessitate reopening discovery which, as determined above, would cause an unnecessary and prejudicial expenditure of time and money. The grant of the motion will unduly prejudice the other parties and the judicial system, and accordingly the motion is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Ocean Atlantic's motion to add Midwest Technical Consultants, Inc. as a defendant [doc. no. 98-1] and denies its motion for leave to amend its complaint [doc. no. 98-2].

**SO ORDERED**                             ENTERED: 11/26/03

HON. RONALD A. GUZMAN
United States Judge