
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2523 | **DATE** | 3/22/2004 |
| **CASE TITLE** | Ocean Atlantic Woodland Corporation vs. DRH Cambridge Homes, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the foregoing reasons, this court stays Ocean Atlantic's objections relating to damages until after resolution of the issue of liability and rejects Ocean Atlantic's remaining objections (Doc. no. 116). The Court orders bifurcation of discovery. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 23 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 149 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| SLB | courtroom deputy's initials | 2004 MAR 22 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| OCEAN ATLANTIC WOODLAND CORPORATION, a Virginia Corporation, | ) ) ) ) | DOCKETED<br>MAR 2 3 2004 |
| Plaintiff, | ) ) | |
| v. | ) ) | 02 C 2523 |
| DRH CAMBRIDGE HOMES, INC., a California Corporation, COWHEY, GUNDMUNDSON, LEDER, LTD., an Illinois Corporation, and PUGSLEY & LAHAIE, LTD., an Illinois Corporation, | ) ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Ocean Atlantic Woodland Corporation ("Ocean Atlantic") has sued DRH Cambridge Homes, Inc. ("Cambridge"), Cowhey, Gundmundson, Leder, Ltd. ("Cowhey"), and Pugsley & LaHaie, Ltd ("Pugsley") (collectively "defendants") alleging copyright infringement, unfair competition and deceptive trade practices, false designation of origin, conversion and unjust enrichment. This Court referred all discovery matters to Magistrate Judge Bobrick. Defendants filed a joint motion for protective order, bifurcation of discovery, and for other relief. Magistrate Judge Bobrick denied the motion to bifurcate and granted in part and denied in part defendants' joint motion for protective order and Ocean Atlantic's motions to compel. Ocean Atlantic timely filed objections to Magistrate Judge Bobrick's Memorandum Order. Presently pending before this Court are Ocean Atlantic's objections to Magistrate Judge Bobrick's order, which include: (1) objections to the discovery rulings limiting the scope of potential damages; (2) objections to the denial of production of all documents used by defendants in responding to Ocean Atlantic's

1

interrogatories; (3) objections to the denial of production of documents relating to the existence of other possible design plans considered by Cambridge for the development site; (4) objections to the denial of the identities and communications concerning Cambridge's customers and potential customers for the developments site. For the reasons provided in this Memorandum Opinion and Order the Court stays Ocean Atlantic's objections to Magistrate Judge Bobrick's Memorandum Order relating to damages until after resolution of the issue of liability, rejects Ocean Atlantic's remaining objections to the Memorandum Order, and *sua sponte* orders bifurcation of discovery.

## FACTS

The factual background of this case has been described by this Court in detail in *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *1 (N.D. Ill. Mar. 31, 2003). Therefore, the facts here will be limited to those necessary to understand the basis of this ruling.

On April 9, 2002 Ocean Atlantic acquired copyright ownership in two development plans for the Liberty Grove development in the Village of Plainfield. These development plans were previously incorporated into the annexation agreement for the Liberty Grove development by the Village of Plainfield. Ocean Atlantic lost its right to develop the land under the development plans when it attempted to close on the sale of the land late. *See Elda Arnhold & Byzantio, L.L.C. v. Ocean Atl. Woodland Corp.*, 284 F.3d 693, 710 (7th Cir. 2002). Ocean Atlantic now asserts copyright infringement of the development plans by the defendants in their development of Liberty Grove.

Before Magistrate Judge Bobrick were defendants' motion for a protective order and Ocean Atlantic's motion to compel answers to interrogatories and production of documents. At

2

issue here are Ocean Atlantic's objections to Magistrate Judge Bobrick's Memorandum Order granting in part and denying in part the motion for protective order and the motion to compel answers.

## DISCUSSION

### I. Bifurcation of Discovery

On November 26, 2002, the defendants filed a motion pursuant to Rule 42(b) requesting the court to bifurcate liability and damages discovery. The defendants requested that the Court decline to allow the parties to enter into damages discovery until liability issues were determined. (Defs.' Joint Mot. Protective Order, Bifurcation Disc. Other Relief ("Defs.' Joint Mot.") at 6.) On December 20, 2002 the defendants' motion relating to bifurcation of discovery was denied. This Court now reconsiders *sua sponte* the December 20, 2002 ruling denying bifurcation of discovery and grants bifurcation of discovery.

Whether to bifurcate discovery is a matter committed to the discretion of the trial court. *Moriarty v. LSC Ill. Corp.*, No. 98 C 7997, 1999 WL 1270711, at *7 (N.D. Ill. Dec. 29, 1999); *see generally Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) ("district courts have broad discretion in matters related to discovery"); *Priority Records, Inc. v. Bridgeport Music, Inc.*, 907 F. Supp. 725, 734 (S.D.N.Y. 1995) (recognizing that district judge has discretion to bifurcate discovery); *Am. Nurses Ass'n. v. State of Ill.*, No. 84 C 4451, 1986 WL 10382, at *2 (N.D. Ill. Sept. 12, 1986) ("the decision to bifurcate discovery is within the discretion of the district court and depends on the circumstances of the individual case"). In accordance with the broad language of Rule 42(b), the district court is vested with discretion in determining whether to try issues separately. *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374, 375 (N.D. Ill. 1991) (internal citations omitted). Rule 42 specifies the factors to be weighed when

3

considering whether or not to bifurcate: convenience, the avoidance of prejudice, expedition and economy. Fed. R. Civ. P. 42(b).

The Court has the inherent power to control its docket. Separating the issues of liability and damages for the purposes of discovery will avoid unnecessary time and expense and further the interest of expedition by expediting the decision on liability. A verdict of no liability for infringement would render discovery on the damages issue unnecessary. In the instant case, this Court has already found, with regard to the preliminary injunction, that, "[t]he record in this case...presents substantial issues which bear on Ocean Atlantic's likelihood of proving infringement . . . ." *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 22225594, at *2 (N.D. Ill. Sept. 24, 2003). Thus, should plaintiff fail to establish liability in this case, the savings in time and costs with regard to discovery and discovery management would benefit both the parties and the Court.

It is clear, based on the breadth of the discovery requests, that the defendants would expend substantial amounts of time and resources responding to the discovery requests on damages. Continuation of discovery on the issue of damages would necessitate considerable operating costs in hiring accountants, researching, and calculating at a time when the development site is not even complete. Because, as noted above, the distinct possibility exists that the issue of damages will never be reached, bifurcating discovery as to liability from that of damages will serve the goals of convenience, expedition and economy. Moreover, evidence necessary to establish liability will nominally, if at all, overlap with evidence relating to damages and therefore the risk of duplication and delay is minimal.

Accordingly, the discovery of this case will be bifurcated into two phases. In the first, all discovery on liability will be completed. The defendants have already notified this Court that

4

they will seek summary judgment as soon as discovery is complete. Therefore, discovery on damages is stayed pending resolution of the issue of liability.

II.     **Objections to Magistrate Judge Bobrick's Discovery Order**

Under Federal Rule of Civil Procedure 72(a) a magistrate judge "to whom a pretrial matter not dispositive of a claim of defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written Order setting forth the disposition of the matter." Fed. R. Civ. P. 72(a). Section 636(b) authorizes a magistrate judge to make independent decisions on "any pretrial matter" with the exception of eight specified matters.[1] Although the list of eight dispositive motions under section 636(b) is not exclusive, in "[r]eading section 636(b) and Federal Rule 72 together, the term 'dispositive' in Rule 72(b) generally refers to those orders resolving these eight listed matters." *See Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 175 n.3 (N.D. Ill. 1992).

Routine discovery motions are considered to be "nondispositive" within the meaning of Rule 72(a). *Id.*; *see also, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Johnson v. Old World Craftsmen, Ltd.*, 638 F. Supp. 289, 291 (N.D. Ill. 1986). The Federal Rules of Civil Procedure grant magistrate judges broad discretion in resolving discovery disputes. *Heyman v. Beatrice Co.*, No. 89 C 7381, 1992 WL 245682, at *2 (N.D. Ill. Sept. 23, 1992). A magistrate judge's ruling on a nondispositive matter may only be reversed on a finding that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C.

---

[1] Section 636(b)(1)(A) provides:
> [A] judge may designate a magistrate [magistrate judge] to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law.

5

§ 636(b)(1). Magistrate Judge Bobrick's May 22, 2003 Memorandum Order pertained to pre-trial motions which were not "dispositive of a claim or defense" within the meaning of Rule 72(b). Accordingly it was within Magistrate Judge Bobrick's mandate to rule upon the said motions which will only be reversed if the ruling is "clearly erroneous or contrary to law."[2] The Seventh Circuit has interpreted the clear error standard to mean that, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

### A. Documents Used by Defendants in Responding to Ocean Atlantic's Interrogatories

Ocean Atlantic requested defendants produce all documents used in responding to Ocean Atlantic's interrogatories. (Pl.'s Objections at 9.) Ocean Atlantic asserts that "[b]ased on Defendants' responses to those interrogatories, such documents obviously included Defendants' plans related to the Liberty Grove development." *Id.* It is Ocean Atlantic's contention that Magistrate Judge Bobrick has mistakenly ruled that some of defendants' plans relating to the development need not be produced because they conform to the plans in the annexation agreement, and are not copies of them. *Id.* Magistrate Judge Bobrick found that the two documents attached to the Annexation Agreement need be produced. *Ocean Atl.*, 262 F. Supp. 2d at 931.

---

[2] Ocean Atlantic has mistakenly asserted that "it is impermissible for Judge Bobrick to rule on the scope or type of available damages." (Pl.'s Objections Magistrate Bobrick's Discovery Order (hereinafter "Pl.'s Objections") at 2 n.3.) In support of this assertion, Ocean Atlantic cites to *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994), which states, "[t]he power to award sanctions, like the power to award damages, belongs in the hands of the district judge." *Id.* at 935. However, in contrast to the instant case, in *Alpern* the magistrate judge entered an order requiring Alpern to pay Rule 11 monetary sanctions after the case had been dismissed on the merits. *Id.* at 934-35. Furthermore, unlike *Alpern*, the matters at issue here do not involve the actual award of damages. Accordingly, *Alpern* is distinguishable from the discovery motions at issue here.

To establish a *prima facie* case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Susan Wakeen Doll Co., Inc. v. Ashton-Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). Direct evidence of copying is usually unavailable and therefore, "copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work. *Susan Wakeen Doll Co.*, 272 F.3d at 450 (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982). The test in the Seventh Circuit for determining whether there is "substantial similarity" is that of an ordinary observer: "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 509 (7th Cir. 1994).

It is undisputed that Ocean Atlantic owns a copyright in the development plans and that the defendants had access to the development plans. Therefore the relevant evidence would pertain to whether the accused work is substantially similar to the copyrighted work. Ocean Atlantic maintains that the defendants allegedly infringed upon their copyrighted development plans attached to the annexation agreement for Liberty Grove.

The exact nature of the documents Ocean Atlantic is seeking, and objecting to, is vague and therefore this Court will set the general parameters of relevance in which the documents requested must conform. To the extent that Ocean Atlantic seeks documents detailing alternative designs considered by the defendants, this is denied as discussed below. To the extent that Ocean Atlantic seeks documents regarding the defendants' customers, this is denied

7

as discussed below with the exception of the documents attached to the Annexation Agreement. It is logical that the appropriate request would be for the development plans the defendants have used/are using in their development of Liberty Grove. To this extent we find Magistrate Judge Bobrick's ruling is not clearly erroneous.

B.  Other Objections

The remaining objections to Magistrate Judge Bobrick's rulings generally lack merit and will only briefly be addressed here.

1.  Alternative Designs

Ocean Atlantic further contends, contrary to Magistrate Judge Bobrick's ruling, that information regarding alternative designs for the Liberty Grove development is relevant to the following issues: (1) Cambridge's motive for copying; (2) Cambridge's current position that, at all relevant times, it believed it had the right to use Ocean Atlantic's plans and always intended to do so; and (3) damages, given that alternative designs would help demonstrate the exact amount of money Cambridge saved by copying and using Ocean Atlantic's designs. (Pl.'s Objections at 11.)

The elements of copyright infringement have been discussed above. Ocean Atlantic urges this Court to believe that Cambridge's motive or belief is relevant to Ocean Atlantic's claim of copyright infringement. It is well-accepted that innocent infringement, as well as willful infringement, is actionable. *See generally Columbia Pictures Indus., Inc. v. Zakarian*, No. 90 C 4057, 1991 WL 93889, at *13 (N.D. Ill. May 28, 1991). Thus Cambridge's motive or belief is not relevant. Moreover, the issue of the production of alternative designs as relevant to

the issues of damages is stayed pending the resolution of liability as discussed *supra*. Therefore, Magistrate Judge Bobrick's ruling regarding alternative designs is neither clearly erroneous nor contrary to law and accordingly will not be disturbed.

2. **Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.***

Additionally, Ocean Atlantic claims that Magistrate Judge Bobrick's denial of information regarding Cambridge's customer identities and communications ignores the fact that Ocean Atlantic has also alleged violations of the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. (Pl.'s Objections at 14.) Magistrate Judge Bobrick found that the interrogatories seeking information regarding the customers and potential customers of the Liberty Grove development were burdensome, unproductive, and of no useful purpose. *Ocean Atl.*, 262 F. Supp. 2d at 930.

In support of its assertion, Ocean Atlantic cites *Sullivan's Wholesale Drug Co., Inc., v. Faryl's Pharmacy, Inc.*, 573 N.E.2d 1370, 1376 (Ill. App. Ct. 1991). In *Sullivan*, the court found that the protections of the Illinois Consumer Fraud and Deceptive Business Practices Act are afforded "to include any corporation, company or business entity." *Id.* (citing ILL. REV. STAT. 1983, ch. 121 ½, par. 261(c)).

The *Sullivan* court also explained that "[n]o allegation of public injury is required to recover money damages under the Consumer Fraud Act." *Id.* at 1378 (citing *Duncavage v. Allen*, 147 Ill. App. 3d 88, 102 (1986)); *see Warren v. LeMay*, 491 N.E.2d 464, 475 (Ill. App. Ct. 1986) (single transaction sufficient); *Tague v. Molitor Motor Co.*, 487 N.E.2d 436, 438 (Ill. App. Ct. 1985) (action not defeated on grounds it constituted only private wrong); *see also* ILL. REV. STAT. 1989, ch. 121 ½, par. 270a(a) ("Proof of a public injury, a pattern, or an effect on

consumers generally shall not be required."). Therefore the information sought is unnecessary and Magistrate Judge Bobrick's finding is not clearly erroneous.

The same reasoning applies with respect to the Illinois Uniform Deceptive Trade Practices Act. Under the Illinois Uniform Deceptive Trade Practices Act:

> A person is engaged or engages in a deceptive trade practices when, the in the course of his business vocation or occupation, he:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or of the misunderstanding as to the source, sponsorship, approval or certification of good or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another.
>
> In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.

815 ILL. COMP. STAT. 510/2 (West 1992).

It is clear from the plain language of both Acts that proof of actual confusion or public injury is not essential to the causes of action. Magistrate Judge Bobrick's determination was not clearly erroneous. This Court agrees with Magistrate Judge Bobrick that such discovery into the communications the defendants shared with their potential consumers is unnecessary and burdensome.

### 3. Preliminary Injunction

Finally, Ocean Atlantic attempts to bring several issues to the table that are outside of the current discovery order. First, Ocean Atlantic argues that the authors of the development plans hired by Ocean Atlantic expressly prohibited the defendants from using the plans and therefore a *former* motion for a preliminary injunction should have been granted. (Pl.'s Objections at 11-12.) This issue is irrelevant with regard to the instant discovery dispute. The same applies to the

10

issue of laches which Ocean Atlantic inappropriately details in its objections relating to the *former* motion for a preliminary injunction. Ocean Atlantic goes even further by arguing the issue of public interest with regard to the denial of the preliminary injunction. These issues were addressed by this Court in its September 24, 2003 Memorandum Opinion and Order adopting Magistrate Judge Bobrick's Report and Recommendation dated September 25, 2002 and will not be discussed again here.

### C. Specific Rulings on Ocean Atlantic's Objections

Ocean Atlantic's objections relating to damages are stayed until after the resolution of the issue of liability and the remaining objections are denied. Discovery on the issues of damages will be addressed in full, if necessary, at a later date. Essentially, although under different reasoning due to the bifurcation of discovery as set forth above, Judge Bobrick's rulings will stand in full with the exception of the following:

1.  *Ocean Atlantic's Second Set of Interrogatories to Cambridge*

    a.  Interrogatory Nos. 6, 8 are stayed pending resolution of the issue of liability.

    b.  Interrogatory No. 20 is stayed with regard to documents that might identify the documents' [attached to the annexation agreement] cash value pending resolution of the issue of liability.

2.  *Ocean Atlantic's Second Set of Interrogatories to Cowhey*

    a.  Interrogatory Nos. 2, 5, 7 are stayed pending resolution of the issue of liability.

3.  *Ocean Atlantic's Second Set of Requests for Production to Cowhey*

    a.  Interrogatory No. 9 is stayed with regard to the production of documents that identify any saved costs in the use the development plans.

  b. Interrogatory No. 12 is stayed with regard to documents that might identify the documents' [attached to the annexation agreement] cash value pending resolution of the issue of liability.

4. *Ocean Atlantic's Second Set of Interrogatories to Pugsley*

  a. Interrogatory Nos. 5, 7 are stayed pending resolution of the issue of liability.

  b. Interrogatory No. 12 is stayed with regard to the production of documents that identify any saved costs in the use the development plans.

## CONCLUSION

For the foregoing reasons, this Court stays Ocean Atlantic's objections relating to damages until after resolution of the issue of liability and rejects Ocean Atlantic's remaining objections [doc. no. 116]. The Court hereby orders bifurcation of discovery.

**SO ORDERED**   **ENTERED:**

MAR 22 2004

*/s/ Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**

12